## SETTLEMENT AGREEMENT

Lou Ann Marocco ("Trustee") for the bankruptcy estate (the "Estate") of Nancy Ann Whitaker ("Debtor"), Zachariah Gibson ("Zachariah") and Joshua Gibson ("Joshua", and, when referenced collectively with Zachariah, the "Defendants") for their Settlement Agreement (the "Agreement"), agree as follows:

## RECITALS

A. On September 6, 2018 (the "Petition Date"), the Debtor filed her voluntary petition for relief under chapter 13 of the Bankruptcy Code, initiating the above-referenced bankruptcy case (the "Bankruptcy"). On Debtor's motion, the Bankruptcy was converted to a case under Chapter 7 of the Bankruptcy Code on January 31, 2020. The Trustee was appointed interim trustee under section 701 of the Bankruptcy Code on February 3, 2020.

B. Among the assets of the Estate is a claim against Defendants for avoidance of certain real estate transfers made by Debtor prior to the Petition Date, namely:

(i) On May 2, 2018, 4 months prior to the Petition Date, Debtor transferred her 100% interest in the real estate located at 8120 Bullerdick Road, Poland, IN 47868 (comprised of approximately 7 acres) to Joshua, as reflected in the Indiana Quit Claim Deed recorded in the Owen County Recorder's Office on May 2, 2018 as Document No. 212719 (the "Joshua Transfer");

(ii) On May 16, 2018, Debtor transferred her 100% interest in the real property located at 8350 Bullerdick Road, Poland, IN 47868 to Zachariah, comprised of approximately 56 acres, as reflected in the Quitclaim Deed recorded in the Owen County Recorder's office on June 11, 2018 as Document No. 213132 (the "2018 Zachariah Transfer");

(iii) Previously, on August 26, 2014, Debtor transferred to Zachariah her 100% interest in additional real estate, located at 8300 Bullerdick Road, comprised of 5.13 acres, as reflected in the Quitclaim Deed recorded in the Owen County Recorder's Office on September 19, 2014 (the "2014

1

Transfer", and, collectively with the Joshua Transfer and 2018 Zachariah Transfer, the "Transfers").

C. The Trustee alleges the Transfers are avoidable transfers pursuant to sections 548 of the Bankruptcy Code.

D. The Trustee has filed adversary proceedings against the Defendants for avoidance of the Transfers, which are currently pending in United States Bankruptcy Court for the Southern District of Indiana under Case Number 20-58005 as to Joshua and Case Number 20-58006 as to Zachariah (collectively, the "Adversary Proceedings").

E. The Defendants have agreed to pay, and the Trustee has agreed to accept, the sum of Ninety Thousand Dollars ($90,000.00) (the "Settlement Payment") in settlement of any claims that the Bankruptcy Estate may have against Defendants relating to the Transfers.

F. All parties signing this Agreement, without admitting or denying any responsibility or liability, desire to amicably resolve all claims of the Estate against Defendants relating to the Transfers.

## AGREEMENT

NOW THEREFORE, for and in consideration of the covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee, and Defendants agree as follows:

1. The parties expressly acknowledge that this Agreement remains subject to Bankruptcy Court Approval (as hereinafter defined, "Bankruptcy Court Approval"). The Trustee shall seek authority from the United States Bankruptcy Court for approval of the settlement provided herein after this Agreement is executed by all parties.

2. Within sixty (60) days after Bankruptcy Court Approval of this Agreement, Defendants pay the Settlement Payment via lump sum payable to "Lou Ann Marocco, Bankruptcy Trustee", sent c/o Joseph L. Mulvey, Mulvey Law LLC, 133 W. Market St., No. 274, Indianapolis, IN 46204.

ZG                                                                                                                    JG

3. The parties acknowledges and understand that at least a portion of the Settlement Payment is being derived from the expected proceeds arising from the future mortgage of certain of the real estate which is the subject of the Transfers (the "Real Estate"), the closing of which mortgage will require the Trustee to release the lis pendens notices that have been filed with respect to the Real Estate. The Trustee agrees to sign documents necessary for one or more of Defendants to obtain mortgage funds from the Real Estate, provided, however, that such documents will only be executed in conjunction with a closing occurring through a licensed Indiana title company, that the entirety of the Settlement Payment must be made before or through closing in exchange for the Trustee's release of the lis pendens filed with respect to the Real Estate, and that the HUD-1 settlement statement for such closing signed by the applicable Defendant and mortgagee and provided to the Trustee in advance of such closing shall reflect payment of the then-outstanding portion of the Settlement to the Trustee at closing.

4. The Defendants agree to obtain and provide to the Trustee all information relating to the Real Estate necessary for the Trustee to file tax returns for the Real Estate, if necessary.

5. Effective on Bankruptcy Court Approval of this Agreement and the clearing of the Settlement Payment, except for the obligations created by or arising out of this Agreement, the Trustee releases and discharges Defendants, absolutely and forever, of and from any and all now existing or hereafter arising known or unknown actions, claims and demands whatsoever, relating to the Transfers, and the Defendants release and discharge the Trustee and the Estate absolutely and forever, of and from any and all now existing or hereafter arising known or unknown actions, claims and demands whatsoever, relating to the Transfers or demand for same.

6. Upon execution of this Agreement by all parties, the Trustee and Defendants shall cause to be filed in the Adversary Proceedings Joint Motions for Stay of Proceedings, thereby seeking stay of all deadlines and vacating of any pending hearings in the Adversary Proceedings until Bankruptcy Court Approval of this Agreement is obtained and the Settlement Payment is made.

on them.

14. Each person signing this Agreement warrants and represents that the party executing this Agreement has the actual authority and power to so sign, and to bind the person's respective principal to the provisions of this Agreement.

15. This Agreement shall bind and inure to the benefit of the parties and their respective legal representative, heirs, successors, and assigns.

16. The invalidity or unenforceability of any particular provision of this Agreement shall not affect the remaining provisions of this Agreement, and this Agreement shall be construed in all respects as if such invalid or unenforceable provision were omitted.

17. No amendments, modifications, alterations, or additions to this Agreement shall be binding unless made in writing and signed by the parties, or by order of the Court.

18. This Agreement constitutes the entire agreement between the Trustee and Defendants, and all prior negotiations and agreements, whether written or oral, that are binding upon the Trustee are merged into this Agreement.

19. All recitals set forth in this Agreement are incorporated by reference and are true and correct.

20. "Bankruptcy Court Approval" means that the Bankruptcy Court shall have entered a Final Order (as defined below) which approves this Agreement pursuant to Bankruptcy Rule 9019.

21. "Final Order" means an order or judgment of the Bankruptcy Court as entered on the docket of such court which order has not been reversed, stayed, modified, or amended, and as to which: (a) the time to appeal, seek review or rehearing, or petition for certiorari has expired and no timely-filed appeal or petition for review, rehearing, remand, or certiorari is pending; or (b) any motion for review or rehearing filed, appeal taken, or petition for certiorari filed has been resolved by the highest court to which the order or judgment was or may be appealed or from which certiorari was or may be sought.

5



JL

7.  Upon receipt and clearing of the Settlement Payment, the Trustee and Defendants shall caused to be filed in the Adversary Proceedings Joint Stipulations of Dismissal, with prejudice, of the Adversary Proceedings.

8.  If the Settlement Payment is not made by Defendants as required herein, or within such additional time period consented to by the Trustee due to circumstances outside of the Defendants' control, which consent shall not be unreasonably withheld, the Trustee is authorized to file a notice of default in each of the Adversary Proceedings, and, in the event of such failure to pay the Settlement Payment and resulting notice of default filed by the Trustee, each of the Defendants hereby consents to entry of judgment against each of the Defendants for the entirety of the relief sought from Defendants in the respective Adversary Proceedings against each of them.

9.  The parties hereby affirm that they have not relied on any representations not contained herein in connection with execution of this Agreement.

10. This Agreement constitutes a compromise of a disputed claim, and payment by Defendants to the Trustee of the Settlement Payment is not an admission of liability on the part of Defendants.

11. This Agreement shall be effective on the execution of the same by all parties.

12. Each party recognizes that all parties have contributed substantially and materially to the preparation of this Agreement. This Agreement, or any uncertainty or ambiguity contained herein, shall not be construed against or in favor of either party based on which party or its representatives prepared the Agreement.

13. This Agreement may be executed in two (2) or more counterparts, each of which shall constitute an original, but all of which shall constitute one and the same instrument. This Agreement may be transmitted for execution by electronic facsimile transmission. The parties intend that faxed signatures and a faxed Agreement containing the signatures (original or fax) of all the parties be binding

4

[**Remainder of this Page Intentionally Left Blank, Signatures Continued on Next Page**]
STIPULATED AND AGREED TO AS OF THE DATE SIGNED BY ALL PARTIES.

Lou Ann Marocco, as Trustee for the Bankruptcy Estate of Nancy Ann Whitaker

Date: 4/5/21

By: *[signature]*

Lou Ann Marocco, as Trustee for the Bankruptcy Estate of Nancy Ann Whitaker

Defendant
Zachariah Gibson

Date: 4-5-21

*[signature]*
Signature

Defendant
Joshua D. Gibson

Date: 4-5-21

*[signature]*
Signature

Approved as to form:

*[signature]*

B. Scott Skillman
Counsel for Defendants

**[End of Document]**